UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

JONATHAN EDGAR THOMAS,          )
                                )
        Plaintiff,              )        Civil No. 5: 18-224-JMH
                                )
V.                              )
                                )
JACOB CRAWFORD, et al.,         )        **MEMORANDUM OPINION**
                                )             **AND ORDER**
        Defendants.             )

                    ***   ***   ***   ***

Plaintiff Jonathan Edgar Thomas is a pre-trial detainee confined at the Fayette County Detention Center ("FCDC") located in Lexington, Kentucky. Proceeding without an attorney, Thomas has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion to waive payment of the filing and administrative fees. [R. 3]

The information contained in Thomas's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. Because Thomas has been granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Thomas's complaint because he has been granted pauper status. 28 U.S.C. § 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Thomas's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Thomas alleges that he was detained by Jacob Crawford, a detective with the Lexington-Fayette Urban County Government ("LFUCG") Police Department, on May 24, 2017, and taken to the FCDC. He states that, upon arrival, he saw his personal property (wallet, credit cards, cell phone, driver's license, and dentures) laid out on a desk in the officer's room at the jail. Thomas alleges that he was then interrogated in the next room by the County Attorney and booked into jail. According to Thomas, these items were later missing. He seeks money damages in the amount of $949.00 (his estimate of the value of these items) or replacement of the lost items. [R. 1]

Thomas filed this complaint against Crawford (in his individual capacity) and the LFUCG Police Department (in its official capacity) pursuant to 42 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands

2

of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

However, as currently drafted, Thomas's claims must be dismissed for failure to state a claim for relief. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Although Thomas seeks to bring a claim against Crawford in his individual capacity, the only fact alleged with respect to Crawford is that Crawford is the detective who "obtained" Thomas prior to his arrival at the FCDC. To bring a claim under § 1983, a plaintiff must "plead that each Government-official defendant,

through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, to be held liable under § 1983, a defendant must have personal involvement in the alleged unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). However, Thomas has failed to allege any facts here connecting Crawford to any potential unconstitutional conduct.

To the extent that Thomas seeks to bring a claim against the LFUCG Police Department, the police department is not a legal entity independent of the county that operates it; instead it is merely an administrative department operated by the county. Cf. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). However, even construing Thomas's claim as asserted against the LFUCG, Thomas does not assert that the actions of which he complains were taken pursuant to an established policy of the LFUCG. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).

4

Thomas points to no such policy in his complaint, and these claims are therefore subject to dismissal for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision making channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Finally, turning to the substance of Thomas's claim, claims for deprivation of property are not actionable under § 1983. A plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property, *see Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986), or the intentional but unauthorized, deprivation of property, *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990), unless state court remedies are inadequate to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315-16 (6th Cir. 2001) (finding that the prisoner failed to allege a due process claim based on the alleged theft of his

5

personal property where he did not demonstrate that his state court remedies were inadequate). To assert such a claim, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999).

Here, Thomas has failed to allege that available state remedies are inadequate to redress his property deprivation. In the absence of such allegations from Thomas, the Court declines to reach that conclusion. Thus, his claim will be dismissed. *See Meadows v. Gibson*, 855 F.Supp. 223, 225 (W.D. Tenn. 1994)).

For all of these reasons, Thomas's complaint will be dismissed. Accordingly, **IT IS ORDERED** that:

1. Thomas's motion for leave to proceed in forma pauperis [R. 3] is **GRANTED**. Payment of the filing and administrative fees are **WAIVED.**

2. Thomas's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE.**

3. Thomas's motion to appoint counsel [R. 9] is **DENIED AS MOOT.**

4. The Court will enter an appropriate judgment.

5. This matter is **STRICKEN** from the Court's docket.

This 8th day of June, 2018.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge